IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                          CASE NO. 2:10CR20024-001


TORRANCE BUNCH a/k/a
TORRENCE BUNCH                                             DEFENDANT

<u>**ORDER**</u>

On this 24th day of March, 2011, there comes on for consideration Defendant's Motion for New Trial (doc. 133) and the Government's Response (doc. 161).  For the reasons set forth herein, the motion is DENIED.

**<u>Background</u>.**

At his arraignment on July 9, 2010, Defendant was represented by his retained attorney, Rex Chronister (doc. 46).  On October 6, 2010, in a Motion for Continuance (doc. 72), Mr. Chronister advised the Court of a potential conflict of interest that was created that day when Co-defendant Amanda Hall entered a plea of guilty and agreed to testify against Defendant at trial.  Mr. Chronister previously represented both Defendant and Ms. Hall on similar charges in state court.

On October 13, 2010, the Court held a status hearing during which Mr. Chronister advised the Court that due to his previous representation of Ms. Hall and Defendant, he could not continue as Defendant's attorney if Ms. Hall were to testify at trial.  The

-1-

Government advised that Ms. Hall and her attorney were not willing to waive the conflict between Ms. Hall and Mr. Chronister. Therefore, the Court permitted Mr. Chronister to withdraw as counsel for Defendant. The Court advised Defendant to obtain new counsel should he so desire.

On October 25, 2010, the Court ordered Defendant to immediately retain counsel or to advise the Court that he intended to proceed *pro se* (doc. 79). On November 2, 2010, the Court conducted another status hearing where Defendant was again advised he could retain an attorney, seek an appointed attorney, or represent himself at trial.

On November 5, 2010, the Court conducted a pretrial hearing during which the Court again inquired if Defendant wanted the Court to appoint him an attorney or if he wanted to represent himself. Defendant responded that he did not want an attorney, but that he was not waiving his right to counsel. The Court found Defendant effectively waived his right to legal representation and appointed Shannon Blatt as standby counsel to protect the continuity of the proceedings (doc. 90).

Defendant represented himself at trial despite the Court's repeated advisement of Defendant's right to seek appointed counsel. On November 9, 2010, this matter came on for trial to a duly selected jury consisting of twelve members. The case was submitted to the jury and unanimous guilty verdicts were reached

-2-

on Counts 1-3 & 5 of the Indictment.

Defendant filed a *pro se* motion seeking a judgment of acquittal on November 16, 2010 (doc. 102), and a Notice of Appeal on November 18, 2010 (doc. 104). Defendant presented no argument for setting aside the jury verdict. The Court denied Defendant's Motion on December 1, 2010, finding sufficient evidence was presented at trial to allow a reasonable-minded jury to conclude beyond a reasonable doubt that Defendant was guilty of the charged crimes (doc. 109). In that Order, Defendant was again advised that he may request the appointment of counsel to represent him at his sentencing and/or on appeal by completing and returning the provided financial affidavit.

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, Defendant now moves for a new trial contending he never waived his Sixth Amendment right to counsel and that the Government's notice of its intent to seek an enhancement pursuant to 21 U.S.C. § 851(a) was untimely, not properly served upon Defendant and not supported by sufficient evidence establishing the prior convictions as final and valid.

**Motion for a New Trial**.

Rule 33 of the Federal Rules of Criminal Procedure requires a motion for new trial grounded on any reason other than newly discovered evidence must be filed within fourteen (14) days of the verdict or finding of guilt. The jury returned their guilty

-3-

verdicts on November 9, 2010, and Defendant's Motion was not filed until February 22, 2011. Accordingly, Defendant's Motion must be DENIED as untimely. Despite that fact, the Court finds the motion likewise fails on the merits.

Defendant contends he did not voluntarily and knowingly waive his right to counsel. The Sixth Amendment provides a criminal defendant with the right to counsel, as well as the right to waive counsel and proceed *pro se.* *Faretta v. California*, 422 U.S. 806, 807 (1975). "If the defendant waives the right to counsel, the waiver must be voluntary, intelligent and knowing." *United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir.), cert. denied, 557 U.S. ___, (2009). "This standard is met if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages." *Id.* "The court is not required to ensure that the defendant is capable of representing himself as well as a trained and experienced lawyer, only that he understands the risks involved in representing himself and that he has knowingly and intelligently chosen self representation." *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998).

The Court warned Defendant of the dangers of proceeding pro se and repeatedly offered him three choices: (1) retain another attorney; (2) accept court-appointed counsel; or (3) represent

-4-

himself.    Defendant  took  the  position  that  he  had  paid  Mr. Chronister a retainer, and that is who he wanted to represent him. The Court repeatedly advised Defendant that Mr. Chronister had to withdraw due to the conflict with Ms. Hall and, that in any event, he could not effectively represent Defendant during the trial when Ms. Hall testified.  There is no constitutional violation when a defendant is offered a choice of adequate representation by court-appointed  counsel  and  self  representation.    *United  States  v. Mentzos*, 462 F.3d 830, 839 (8th Cir. 2006).  *See also, United States v. Ladoucer*, 573 F.3d 628 (8th Cir. 2009)(no violation where  defendant  claimed  he  was  forced  to  proceed  pro  se  while given the options of representing himself, hiring an attorney or proceeding with his current attorney).

Defendant  also  seeks  a  new  trial  on  the  basis  that  the Government's notice of its intent to seek an enhancement pursuant to 21 U.S.C. § 851(a) was untimely, not properly served upon Defendant and not supported by sufficient evidence establishing the prior convictions as final and valid.  The Court finds this an insufficient basis for a new trial.  Further, the Government filed the information before trial, as required.  The Court is required to inquire of Defendant prior to sentencing whether he affirms or denies  the  previous  convictions  alleged  in  the  information. Defendant will be permitted to challenge these prior convictions at the sentencing hearing.

-5-

**Conclusion and ORDER**.

Based on the foregoing, the Court finds that Defendant's Motion for New Trial (doc. 133) should be and hereby is DENIED.

IT IS SO ORDERED this 24th day of March, 2011.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

-6-